IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REGINA BEASLEY, )
 )
    Plaintiff, )
 )
v. ) CASE NO. 2:16-cv-00152-SRW
 )
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
 )
    Defendant. )

## **MEMORANDUM OPINION**

Plaintiff Regina Beasley commenced this action on March 8, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability and disability insurance benefits, and her application for supplemental security income. *See* Doc. 1; Doc. 14-2 at 10. On November 3, 2014, Administrative Law Judge Vincent P. Intoccia (the "ALJ") issued an adverse decision.[1] *See* Doc. 14-2 at 10-23. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See id.* at 2-7. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). *See* Doc. 8; Doc. 9. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded.

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ. *See* Doc. 14-2 at 10.

1

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION[2]

"On April 30, 2013, [plaintiff] protectively filed a Title II application for a period of disability and disability insurance benefits. The plaintiff also filed a Title XVI application for supplemental security income … alleg[ing] disability beginning April 25, 2013." Doc. 14-2 at 10. The claims were "denied initially on July 19, 2013. Thereafter, the [plaintiff] filed a written request for hearing on August 5, 2013 (20 CFR 404.929 *et seq.* and 416.1429 *et seq.*)." *Id.* The plaintiff had a hearing before the ALJ on June 10, 2014, in Montgomery, Alabama. *See id.* The ALJ found that plaintiff met the insured status requirements through December 31, 2017. *See id.* at 12. The ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date, and that she has the severe impairments of chronic obstructive pulmonary disease, non-insulin dependent diabetes mellitus, "right below the knee amputation," anxiety, depression, and cervical radiculopathy. *Id.* The ALJ found that plaintiff "does not have an impairment or

---

[2] The facts and procedural history discussed in this opinion are gleaned from the record as a whole, and especially from the parties' briefs, *see* Doc. 12; Doc. 13, and the Social Security Transcript of Administrative Proceedings, *see* Doc. 14 *et seq.*

combination of impairments" that, individually or collectively, meet a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 13.

Based on the plaintiff's impairments, symptoms, and the record as a whole, the ALJ developed a residual functional capacity ("RFC") assessment that the plaintiff can perform light work with some exceptions and additional limitations. *See* Doc. 14-2 at 14-15. After considering the evidence of record, the RFC, and the testimony of a vocational expert, the ALJ concluded that the plaintiff can perform her past relevant work as a packing and shipping clerk. *See id.* at 21. The ALJ found that plaintiff is not disabled. *See id.* at 22.

At the time of the hearing before the ALJ, the plaintiff was 50 years old. *See* Doc. 12 (citing R. 31)). Prior to her alleged disability onset date, plaintiff worked in the ordering and shipping departments at Arden Enterprises and Winn Dixie Procurement. *See id.* (citing R. 31-32, 46). Plaintiff testified at her hearing that she lives with her 27-year old son, her 19-year old daughter, and her 2-year old grandson. *See* Doc. 14-2 at 32-34. Plaintiff's son suffers from a mental illness, and the plaintiff is responsible for ensuring that her son takes his medication. *See id.* at 34. Since she stopped working, plaintiff has not had health insurance. *See id.* at 33-34.

In 1995, plaintiff was in an automobile accident. *See* Doc. 12 at 2, 6 (citing R. 253-73). Due to injuries that she sustained in the accident, her right leg was amputated below the knee. *See id.* The record indicates a long treatment history from 1995 until 2013 related to the injury and amputation, including the use of prostheses.

In 2011, plaintiff was diagnosed with and treated for anxiety and depression, which cause panic attacks, and there is evidence of record that those conditions adversely affected

her daily life, relationships with others, and her ability to work. *See id.* at 2-6 (citing R. 32-44, 275, 279, 315, 318-19, 321, 327-30, 332, 336, 340-42, 349-51, 367, 370-71). Plaintiff testified that she stopped working because of depression. *See* Doc. 14-2 at 32-39.

On appeal, plaintiff argues that "the ALJ's [RFC] finding … is inconsistent with his acceptance of the opinion of [non-examining, consultative medical source] Dr. [Samuel D. Williams, M.D.], which renders either [the ALJ's] RFC finding and/or his evaluation of Dr. Williams unsupported by substantial evidence[,]" and maintains that the ALJ misclassified plaintiff's past relevant work. Doc. 12 at 1. *See also* Doc. 13 at 1 (Commissioner's Brief). The Commissioner opposes the plaintiff's arguments and asserts that the ALJ's decision is due to be affirmed. For the reasons discussed below, the court concludes that the ALJ committed legal error by failing to discuss why the RFC is less restrictive than Dr. Williams's opinion evidence, upon which the ALJ relied in determining the RFC.

Dr. Williams "completed a Psychiatric Review Technique Form on July 18, 2013, following review of the [plaintiff's] records of evidence." Doc. 14-2 at 18 (citing Doc. 14-3 at 2-15). "Dr. Williams also completed a Mental Residual Functional Capacity Assessment[.]" *Id.* The ALJ assigned Dr. Williams's opinion "substantial weight" because "[i]t is consistent with the records and supports this decision." *Id.* at 21. The ALJ noted that the RFC was developed with "particular" consideration of "Dr. Williams's mental

assessment."[3] *Id.* The ALJ did not qualify his acceptance of Dr. Williams's opinion evidence, or expressly discredit any portion of that evidence.

Dr. Williams offered the opinion that plaintiff is "moderately limited" in her ability to "maintain concentration, persistence, or pace," Doc. 14-3 at 22, and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* at 26. He additionally limited plaintiff to being "able to understand, remember and carry out simple instructions" for two-hour periods in an eight-hour workday "with [a] flexible schedule." *Id.* at 27. Furthermore, according to Dr. Williams, the plaintiff's "rest breaks" must be "in a casual environment with a few familiar co-workers." *Id.* The ALJ's RFC, however, does not include limitations regarding Dr. Williams's findings on these points, and the ALJ does not explain why the RFC is less restrictive than Dr. Williams's opinion testimony, to which the ALJ assigned unreserved, substantial weight. This is legal error.

"Social Security Ruling ('SSR') 96-8p, which addresses RFC assessments at steps four and five of the sequential evaluation, holds that the ALJ must consider and address medical source opinions and directs that, '[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'" *Markell v. Astrue*, 2007 WL 4482245, at *3 (M.D. Fla. Dec. 19, 2007) (quoting SSR 96-

---

[3] The Commissioner asserts that the opinion evidence supplied by Dr. Williams, who is a non-treating medical source, "is not entitled to any deference or special consideration." Doc. 13 at 4 (citing *Eyre v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014)). However, the ALJ afforded Dr. Williams's opinion evidence deference and special consideration by assigning it substantial weight and formulating the RFC with "particular" reliance on Dr. Williams's mental assessment of the plaintiff. Doc. 14-2 at 21.

8p, 1996 WL 374184, *7 (S.S.A.)).[4] This is because "[t]he ALJ is not a physician, and he is not empowered to form medical opinions or recommend treatments." *Coker v. Colvin*, 2016 WL 7159498, at *6 (M.D. Ala. Dec. 7, 2016) (citing *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring) ("An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians[.]")). In other words, "an ALJ cannot act as both judge and physician." *Id.* at *9 (citing *Marbury*, 957 F.2d at 840-41). In this case, the ALJ impermissibly departed from Dr. Williams's medical opinion evidence by adopting a less restrictive RFC than did Dr. Williams, and failing to explain what medical evidence supports the less restrictive RFC or to point out any basis for implicitly discrediting Dr. Williams's opinion evidence insofar as it conflicts with the RFC.

As this court recently noted,

> An ALJ is tasked with the role of adjudicating and assessing a claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). "Indeed, the pertinent regulations state that the ALJ has the responsibility for determining a claimant's RFC." *Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (citing 20 C.F.R. § 404.1546(c)). However, the ALJ cannot substitute his opinion for those of medical sources.

*Id.* "[I]t is clear that an 'ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that

---

[4] In the Eleventh Circuit, Social Security Rulings are not binding on this court, but the rulings are entitled to deference. *See Fair v. Shalala*, 37 F.3d 1466, 1469 (11th Cir. 1994) ("[T]he the Secretary's interpretation is entitled to deference …. [if the] interpretation is a reasonable and permissible interpretation of the provisions of the Social Security Act."). Although they lack the force of regulation, Social Security Rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1); *see, e.g.*, *McCloud v. Barnhart*, 166 F. App'x 410, 419 (11th Cir. 2006) (citing SSR 96-6p as authoritative).

points to a disability finding.'" *Garrett v. Berryhill*, 2017 WL 1040629, at *4 (M.D. Ala. Mar. 16, 2017) (quoting *Dicks v. Colvin*, 2016 WL 4927637, at *4 (M.D. Fla. Sept. 16, 2016) (quoting, in turn, *Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010), and citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009))) (brackets and internal marks in original).

Here, the ALJ apparently did not purposefully cherry-pick facts from Dr. Williams' opinion testimony, while ignoring Dr. Williams's findings that are more restrictive than the RFC to support the RFC determination. The ALJ actually acknowledged those opinions of Dr. Williams that are more restrictive than the RFC. For example, the ALJ identified Dr. Williams's finding that "[w]ith regard to concentration, persistence or pace, the [plaintiff] has moderate difficulties[,]" and observed that Dr. Williams concluded that the plaintiff has "moderate restrictions" involving "organized thoughts, normal speech and orientation, and calm motor activity." Doc. 14-2 at 14.[5] However, the ALJ's discussion of Dr. Williams's opinion evidence is irreconcilable with the RFC, which contains no limitations or discussion regarding plaintiff's "moderate" difficulties or restrictions or the plaintiff's

---

[5] The ALJ summarized Dr. Williams's findings as follows:

> Dr. Williams assessed the [plaintiff] under listings 12.04 for affective disorders and 12.06 for anxiety-related disorders. He opined the claimant to have a mild restriction of activities of daily living; moderate difficulties in maintaining social functioning and in maintaining concentration, persistence or pace; and no episodes of decompensation …. [plaintiff is] able to understand, remember, and carryout simple instructions for two hour periods in an eight-hour day with a flexible schedule, all rest breaks, and in casual environment with a few familiar coworkers. Contact with the public should be casual and criticism from supervisors should be non-confrontational; and changes in the workplace should be gradual.

Doc. 14-2 at 18.

need for a flexible schedule, and the ALJ does not explain why those limitations, as identified by Dr. Williams, are excluded from the RFC. The lack of any explanation regarding the discrepancies between the less restrictive RFC and Dr. Williams's opinion evidence – which the ALJ afforded unqualified, substantial weight – constitutes legal error. *See Markell*, 2007 WL 4482245, at *3. Also, because the discrepancies are unexplained, the court lacks sufficient information to determine whether the RFC is based on substantial evidence. *See Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) ("The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (bracketed text in original); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991) (the ALJ errs as a matter of law if the written decision lacks enough information for the court to review the ALJ's findings to ensure that proper legal standards were employed and that the factual findings are based on substantial evidence).

The Commissioner's arguments do not save the ALJ's decision. The Commissioner asserts that "the ALJ did not state that he was adopting Dr. Williams's opinions wholesale[.]" Doc. 13 at 5. However, to the contrary, the ALJ did wholly accept and give "substantial weight" to Dr. Williams's opinion evidence regarding the plaintiff's "mental capabilities." Doc. 14-2 at 21. The Commissioner also argues that substantial evidence supports the ALJ's RFC. According to the Commissioner, because the ALJ took the plaintiff's medical records "into account when formulating the RFC," those records constitute substantial evidence to support the RFC notwithstanding any unexplained inconsistencies between the RFC and Dr. Williams's opinion evidence. Doc. 13 at 5 (citing

Doc. 14-2 at 21). The Commissioner contends that the ALJ's discussion of other medical evidence of record implicitly provides reasons for the discrepancies, and suggests that the plaintiff has "only mild symptoms or limitations, [and] that [plaintiff] was functioning pretty well." *Id.* (citing American Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders*, 34 (4th ed. Text revision 2000) (DSM-IV-TR)). According to the Commissioner,

> The repeated findings in the record finding [plaintiff] pleasant, well-dressed, coherent, well spoken, and with good eye contact support the ALJ's determination with respect to [plaintiff's] interactions with others. Similarly, the repeated findings of clear and coherent speech and normal thoughts support the ALJ's determinations regarding [plaintiff's] concentration, persistence and pace.

Doc. 13 at 6.

The court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir.1980)).[6] In this instance, for the reasons discussed above, the ALJ failed to make an "essential administrative finding" – *i.e.*, a finding relating to the reason for his decision that the RFC is, in relevant part, less restrictive than Dr. Williams's material conclusions. Because the Appeals Council did not enter a separate written decision, "the ALJ's ruling must be considered the final decision of the Commissioner of the SSA." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (citing *Doughty*

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)). In the absence of specific findings in the ALJ's written decision, the court will not speculate as to what the ALJ might have determined on the evidence of record with regard to the inconsistency between Dr. Williams's opinion evidence and the less restrictive RFC. The necessary discussion omitted from the ALJ's written decision cannot be cured or supplemented by the Commissioner's brief; rather, it must be clarified by the ALJ on remand.

## CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. The ALJ's reassessment of Dr. Williams's opinion evidence possibly may alter the RFC. Because of this fact, the court does not reach plaintiff's argument that the ALJ misclassified plaintiff's past relevant work. The court expects that the Commissioner will consider plaintiff's arguments as to that issue on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion.

DONE, on this the 20th day of September, 2017.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge